UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO.:

GUILLERMO VELA
and other similarly-situated individuals,

    Plaintiff(s),

v.

LARB BKK LLC,
a/k/a LARB THAI-ISAN,
and THANIK SUKSAMRAN, individually

    Defendants,

_____/

## **COMPLAINT**
(OPT-IN PURSUANT TO 29 U.S.C § 216(b))

COMES NOW the Plaintiff GUILLERMO VELA and other similarly-situated individuals, by and through the undersigned counsel, and hereby sues Defendants LARB BKK LLC, a/k/a LARB THAI-ISAN, and THANIK SUKSAMRAN, individually, and alleges:

JURISDICTION VENUES AND PARTIES

1. This is an action to recover money damages for unpaid overtime wages and retaliation under the laws of the United States. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201-219 (Section 216 for jurisdictional placement) ("the Act").

2. Plaintiff GUILLERMO VELA is a resident of Broward County, Florida, within the jurisdiction of this Honorable Court. Plaintiff is a covered employee for purposes of the Act.

3. Defendant LARB BKK LLC, a/k/a LARB THAI-ISAN (hereinafter LARB THAI-ISAN restaurant, or Defendant) is a Florida corporation, having place of business in Broward County, Florida. Defendant was and is engaged in interstate commerce.

4. Individual Defendant THANIK SUKSAMRAN is the owner/partner/and manager of Defendant Corporation LARB THAI-ISAN. This individual Defendant is the Employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)].

5. All the actions raised in this complaint took place in Broward County, Florida, within this Court's jurisdiction.

## GENERAL ALLEGATIONS

6. This cause of action is brought by Plaintiff GUILLERMO VELA as a collective action to recover from Defendants overtime compensation, retaliatory damages, liquidated damages, costs and reasonable attorney's fees under the provisions of Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLA or the "ACT") on behalf of Plaintiff and all other current and former employees similarly situated to Plaintiff ("the asserted class") and who worked in excess of forty (40) hours during one or more weeks on or after February 2021, (the "material time") without being properly compensated.

7. Defendant LARB THAI-ISAN, is a Thai restaurant located at 6234 N Federal Hwy, Fort Lauderdale, FL 33306, where Plaintiff worked.

8. Defendant LARB THAI-ISAN employed Plaintiff GUILLERMO VELA from February 01, 2021, to November 11, 2021, or 40 weeks. However, for FLSA'S purposes, Plaintiff's relevant period of employment is 37 weeks. Plaintiff was absent from work for approximately 3 weeks in September 2021.

9. Plaintiff was hired as a non-exempted, full-time, hourly employee. He had duties as a kitchen helper, dishwasher, and cleaning employee. At the time of his termination, Plaintiff had a wage rate of approximately $13.50 an hour. Plaintiff's overtime rate should be $20.25 an hour.

10. While employed by Defendants, Plaintiff had a regular schedule. He worked 6 days per week. Usually, Plaintiff had Tuesdays off, but the remaining days he worked from 11:30 AM to a minimum of 11:30 PM (12 hours daily). Plaintiff completed 66 working hours every week. Plaintiff has already deducted 6 hours of lunchtime taken during the week.

11. Plaintiff worked regularly and consistently a minimum of 66 hours weekly. However, he was not paid for evertime hour as required by law. Defendants paid Plaintiff for about 40 regular hours, or less, plus a few overtime hours at his regular rate. The remaining overtime hours were not paid at any rate, not even at the minimum wage rate as required by law.

12. Plaintiff clocked in and out, and Defendants could keep track of the number of hours worked by Plaintiff and other similarly situated individuals. Defendants knew how many hours the Plaintiff was working.

13. Therefore, Defendants willfully failed to pay Plaintiff overtime hours at the rate of time and one-half his regular rate for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1). and 29 U.S.C. § 201 et seq.

14. Plaintiff was paid bi-weekly with paystubs that showed a fictitious regular rate and a fictitious number of hours worked. Each payment day, Plaintiff was paid a different amount. Plaintiff was not allowed to check his actual number of hours worked.

15. Plaintiff was not in agreement with the number of overtime hours paid to him, and he complained numerous times to the owner of the business.

16. Plaintiff complained to THANIK SUKSAMRAN about unpaid overtime hours on or about October 04, 2021, and for the last time on or about November 01, 2021.

17. As a result of Plaintiff's complaints, on or about November 11, 2021, Plaintiff was fired by THANIK SUKSAMRAN using a pretextual reason.

18. Plaintiff GUILLERMO VELA seeks to recover any regular hour and overtime wages for every hour in excess of 40 that he worked, retaliatory damages, liquidated damages, and any other relief as allowable by law.

19. The additional persons who may become Plaintiffs in this action are employees and/or former employees of Defendants who are and who were subject to the unlawful payroll practices and procedures of Defendants and were not paid minimum and overtime wages at the rate of time and one half of their regular rate of pay for all overtime hours worked in excess of forty.

### COUNT I:
### WAGE AND HOUR FEDERAL STATUTORY VIOLATION;
### FAILURE TO PAY OVERTIME; AGAINST ALL DEFENDANTS

20. Plaintiff GUILLERMO VELA re-adopts every factual allegation as stated in paragraphs 1-19 above as if set out in full herein.

21. Plaintiff GUILLERMO VELA brings this cause of action as a collective action to recover from Defendants overtime compensation, liquidated damages, costs, and reasonable attorney's fees under the provisions of the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLA or the "ACT"), on behalf of Plaintiff and all other current and former employees similarly situated to Plaintiff ("the asserted class") and who worked in excess

of forty (40) hours during one or more weeks on or after February 2019, (the "material time") without being compensated "at a rate not less than one and a half times the regular rate at which he is employed."

22. Defendant LARB THAI-ISAN restaurant was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A). Defendant is a retail business operating as a Thai restaurant and is engaged in interstate commerce. Defendant had more than two employees recurrently engaged in commerce or in the production of goods for commerce by regularly and recurrently ordering restaurant supplies produced out of state, by using the instrumentalities of interstate commerce to accept and solicit funds from non-Florida sources, by using electronic devices to authorize credit card transactions. Upon information and belief, the proportional annual gross revenue of the Employer/Defendant was at all times material hereto, in excess of $500,000 per annum. By reason of the foregoing, Defendant's business activities involve those to which the Fair Labor Standards Act applies. Therefore, there is FLSA enterprise coverage.

23. Plaintiff and those similarly-situated were employed by an enterprise engaged in interstate commerce. Plaintiff and those similarly-situated through their daily activities were regularly engaged in interstate commerce. Plaintiff regularly handled and worked on goods and materials that were moved across State lines at any time in the course of business. Therefore, there is FLSA individual coverage.

24. Defendant LARB THAI-ISAN employed Plaintiff GUILLERMO VELA from February 01, 2021, to November 11, 2021, or 40 weeks. However, for FLSA'S purposes, Plaintiff's relevant period of employment is 37 weeks. Plaintiff was absent from work for approximately 3 weeks in September 2021.

25. Plaintiff was hired as a non-exempted, full-time, hourly employee. He had duties as a kitchen helper, dishwasher, and cleaning employee. At the time of his termination, Plaintiff had a wage rate of approximately $13.50 an hour. Therefore, Plaintiff overtime rate should be $20.25 an hour.

26. While employed by Defendants, Plaintiff had a regular schedule. He worked 6 days per week, a total of 66 working hours. Plaintiff has already deducted 6 hours of lunchtime taken during the week.

27. Plaintiff worked regularly and consistently a minimum of 66 hours weekly. However, he was not paid for everys overtime hour required by law. Defendants paid Plaintiff for about 40 regular hours plus a few overtime hours at his regular rate. The remaining overtime hours were not paid at any rate, not even at the minimum wage rate required by law.

28. Plaintiff clocked in and out, and Defendants could keep track of the number of hours worked by Plaintiff and other similarly situated individuals. Defendants knew how many hours the Plaintiff was working.

29. Therefore, Defendants willfully failed to pay Plaintiff overtime hours at the rate of time and one-half his regular rate for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1). and 29 U.S.C. § 201 et seq.

30. Plaintiff was paid bi-weekly with paystubs that showed a fictitious regular rate and fictitious number of hours worked. Each payment day, Plaintiff was paid a different amount. Plaintiff was not allowed to check his real number of hours worked.

31. The records, if any, concerning the number of hours worked by Plaintiff and those similarly situated, and the compensation actually paid to such employees should be in the possession

and custody of Defendants. However, upon information and belief, Defendants did not maintain accurate time records of hours worked by Plaintiff and other employees.

32. Defendants violated the record-keeping requirements of FLSA, 29 CFR Part 516.

33. Plaintiff is not in possession of time and payment records, but prior to the completion of discovery, he will provide a good faith estimate. After discovery Plaintiff will adjust his statement of claim to deduct any overtime hour already paid. Plaintiff's good faith estimate of unpaid overtime wages is as follows:

\* Please note that these amounts are based on a preliminary calculation and that these figures could be subject to modifications as discovery could dictate.

    a. <u>Total amount of alleged unpaid O/T wages</u>:

    Nineteen Thousand Four Hundred Eighty Dollars and 50/100 ($19,480.50)

    b. <u>Calculation of such wages</u>:

    Total number of weeks: 40 weeks
    Total number of relevant weeks:s 37 weeks
    Total hours worked:  66 hours weekly
    Total overtime hours: 26 O/T hours
    Regular rate: $13.50 x 1.5= $20.25

    O/T rate $20.25 x 26 O/T hours = $526.50 weekly x 37 weeks=$19,480.50

    c. <u>Nature of wages (e.g. overtime or straight time)</u>:

    This amount represents unpaid overtime wages.

34. At all times material hereto, the Employers/Defendants failed to comply with Title 29 U.S.C. §207 (a) (1), in that Plaintiff and those similarly-situated performed services and worked in excess of the maximum hours provided by the Act. Still, no provision was made by the Defendants to properly pay them at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in said Act.

35. At times mentioned, individual Defendant THANIK SUKSAMRAN was and is now the owner/partner and manager of LARB THAI-ISAN restaurant. Defendant THANIK SUKSAMRAN was the Employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)]. This individual Defendant acted directly in LARB THAI-ISAN interests concerning its employees, including Plaintiff and others similarly situated. Defendant THANIK SUKSAMRAN had financial and operational control of the business, provided Plaintiff with his work schedule, and is jointly and severally liable for Plaintiff's damages.

36. Defendants knew and/or showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remain owing Plaintiff and those similarly situated these overtime wages since the commencement of Plaintiff's and those similarly-situated employee's employment with Defendant as set forth above, and Plaintiff and those similarly-situated are entitled to recover double damages.

37. Defendants LARB THAI-ISAN and THANIK SUKSAMRAN willfully and intentionally refused to pay Plaintiff overtime wages at the rate of time and one half his regular rate, as required by the law of the United States, and remains owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendant as set forth above.

38. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff GUILLERMO VELA and those similarly-situated respectfully requests that this Honorable Court:

A. Enter judgment for Plaintiff GUILLERMO VELA and other similarly-situated individuals and against the Defendants LARB THAI-ISAN and THANIK SUKSAMRAN on the basis of Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.; and

B. Award Plaintiff GUILLERMO VELA actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

## JURY DEMAND

Plaintiff GUILLERMO VELA demands trial by jury of all issues triable as of right by jury.

## COUNT II:
## FEDERAL STATUTORY VIOLATION PURSUANT TO 29 U.S.C. 215 (a)(3) RETALIATORY DISCHARGE; AGAIST ALL DEFENDANTS

39. Plaintiff GUILLERMO VELA re-adopts every factual allegation stated in paragraphs 1-19 of this complaint as if set out in full herein.

40. This Court has jurisdiction pursuant to The Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (section #216 for jurisdictional placement) as well as the Florida Constitution that vests this action within a court of competent jurisdiction.

41. Defendant LARB THAI-ISAN was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A). Defendant is a retail business operating as a Thai restaurant and is engaged in interstate commerce. Defendant had more than two employees recurrently engaged in commerce or the production of goods for commerce by regularly and recurrently ordering restaurant supplies produced out of state, by using the instrumentalities of interstate commerce to accept and solicit funds from non-Florida sources, by using electronic devices to authorize credit card transactions. Upon information and belief, the proportional annual gross revenue of the Employer/Defendant was at all times material hereto, in excess of $500,000 per annum. Therefore, there is FLSA enterprise coverage.

42. Plaintiff and those similarly-situated were employed by an enterprise engaged in interstate commerce. Plaintiff and those similarly-situated through their daily activities were regularly engaged in interstate commerce. Plaintiff regularly handled and worked on goods and materials that were moved across State lines at any time in the course of business. Therefore, there is FLSA individual coverage.

43. By reason of the foregoing, Defendant's business activities involve those to which the Fair Labor Standards Act applies.

44. 29 U.S.C. § 207 (a) (1) states, "if an employer employs an employee for more than forty hours in any work week, the employer must compensate the employee for hours in excess of forty at the rate of at least one and one-half times the employee's regular rate…."

45. Likewise, 29 U.S.C. 215(a)(3) states... it shall be unlawful for any person— "to discharge or in any other manner discriminate against any employee because such employee has filed

any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding,......"

46. Defendant LARB THAI-ISAN employed Plaintiff GUILLERMO VELA from February 01, 2021, to November 11, 2021, or Friday 40 weeks.  However, for FLSA'S purposes, Plaintiff's relevant period of employment is 37 weeks.  Plaintiff was absent from work for approximately 3 weeks in September 2021.

47. Plaintiff was hired as a non-exempted, full-time, hourly employee. He had duties as a kitchen helper, dishwasher, and cleaning employee.  At the time of his termination, Plaintiff had a wage rate of approximately $13.50 an hour. Plaintiff overtime rate should be $20.25 an hour.

48. While employed by Defendants, Plaintiff had a regular schedule, he worked 6 days per week, a total of 66 working hours.

49. Plaintiff worked regularly and consistently a minimum of 66 hours weekly.  However, he was not paid for every overtime hour required by law. Defendants paid Plaintiff for about 40 regular hours plus a few overtime hours at his regular rate.  The remaining overtime hours were not paid at any rate, not even at the minimum wage rate required by law.

50. Plaintiff clocked in and out, and Defendants could keep track of the number of hours worked by Plaintiff and other similarly situated individuals. Defendants knew how many hours the Plaintiff was working.

51. Therefore, Defendants willfully failed to pay Plaintiff overtime hours at the rate of time and one-half his regular rate for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1). and 29 U.S.C. § 201 et seq.

52. Plaintiff was not in agreement with the number of overtime hours paid to him, and he complained numerous times to the owner of the business.

53. Plaintiff complained to THANIK SUKSAMRAN about unpaid overtime hours on or about October 04, 2021, and for the last time on or about November 01, 2021.

54. These complaints constituted protected activity under the Fair Labor Standards Act.

55. However, on or about November 11, 2021, Plaintiff called THANIK SUKSAMRAN to report aggression suffered at the workplace. THANIK SUKSAMRAN ignored Plaintiff's complaints, and fired him on the spot.

56. On or about November 11, 2021, the owner of the business THANIK SUKSAMRAN unfairly fired Plaintiff using as a pretext the incident.

57. At all time during his employment with Defendants, Plaintiff performed his duties satisfactorily. There was no reason other than a retaliatory action to terminate Plaintiff's employment with Defendants.

58. There is close proximity between Plaintiff's last protected activity and his termination.

59. The Defendant's termination of the Plaintiff was in direct violation of 29 U.S.C. 215 (a) (3) and, as a direct result, Plaintiff has been damaged.

60. Plaintiff GUILLERMO VELA seeks to recover minimum wages, overtime wages for every hour in excess of 40 that he worked, liquidated damages, retaliatory damages, and any other relief as allowable by law.

61. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay reasonable attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff GUILLERMO VELA respectfully requests that this Honorable Court:

A. Issue a declaratory judgment that Defendants' acts, policies, practices, and procedures complained of herein violated provisions of the Fair Labor Standards Act;

B. Enter judgment against Defendants LARB THAI-ISAN and THANIK SUKSAMRAN that Plaintiff recovers compensatory, damages and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. § 216(b);

C. That Plaintiff recovers an award of reasonable attorney fees, costs, and expenses.

D. Order the Defendants LARB THAI-ISAN and THANIK SUKSAMRAN to make whole the Plaintiff by providing appropriate back pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

E. Plaintiff GUILLERMO VELA further prays for such additional relief as the interests of justice may require.

## JURY DEMAND

Plaintiff GUILLERMO VELA demands trial by jury of all issues triable as of right by jury.

Dated:  January 12, 2022

Respectfully submitted,

By:  **/s/ Zandro E. Palma**
ZANDRO E. PALMA, P.A.
Florida Bar No.: 0024031
9100 S. Dadeland Blvd.
Suite 1500
Miami, FL 33156
Telephone: (305) 446-1500
Facsimile:  (305) 446-1502
zep@thepalmalawgroup.com
*Attorney for Plaintiff*