UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO.: 0:22-cv-60090-CMA

GUILLERMO VELA
and other similarly-situated individuals,

    Plaintiff(s),
v.

LARB BKK LLC,
a/k/a LARB THAI-ISAN,
and THANIK SUKSAMRAN, individually

    Defendants,
_____/

## STATEMENT OF CLAIM AND RESPONSE TO ORDER TO SHOW CAUSE

Plaintiff GUILLERMO VELA by and through its undersigned counsel, hereby submits pursuant to the Honorable Judge Cecilia M. Altonaga Order, dated January 25, 2022 [D.E. 6], Plaintiff's Statement of Claim and Response to Order to Show Cause. As grounds, the Plaintiff states:

1. Plaintiff endeavored at this stage of litigation to formulate his Statement of Claim on the basis of the best data available. Defendant and/or persons who are non-parties or who are no longer employees of Defendant may have relevant information or documents, but Plaintiff are not purporting to provide in this Statement of Claim, confirmed information, if any, presently possessed by such persons. Discovery is ongoing.

2. On January 12, 2022, Plaintiff through the undersigned counsel filed his Fair Labor Standards Act cause of action against his former employer LARB BKK LLC, a/k/a LARB THAI-ISAN, and THANIK SUKSAMRAN.

3. **Total Amount of Alleged Unpaid Wages**: Discovery in this cause of action is ongoing. As such, subject to such additional or different information that discovery or further investigation may disclose, Plaintiff at this time alleges that a pre-discovery estimate that is due and owing to Plaintiff are as follows:

A. **OVERTIME:** $19,480.50

   a. Total amount of alleged unpaid O/T wages:

   Nineteen Thousand Four Hundred Eighty Dollars and 50/100 ($19,480.50)

   b. Calculation of such wages:

   Total number of weeks: 40 weeks
   Total number of relevant weeks:s 37 weeks
   Total hours worked:  66 hours weekly
   Total overtime hours: 26 O/T hours
   Regular rate: $13.50 x 1.5= $20.25

   O/T rate $20.25 x 26 O/T hours = $526.50 weekly x 37 weeks=$19,480.50

   c. Nature of wages (e.g. overtime or straight time):

   This amount represents unpaid overtime wages.

B. **LOST WAGES:** $11,731.50

   a. Total amount of alleged unpaid wages:

   Eleven Thousand Seven Hundred Thirty-One Dollars and 50 cents ($11,731.50)

   b. Calculation of such wages:

   1. Unemployed:  From November 11, 2021 to January 26, 2022[1] = 11 weeks

   Lost weekly: 40 hrs x $13.50 reg rate = $540.00
                26 hrs x $20.25 OT rate = $526.50
                                          $1,066.50 lost weekly
   $1,066.50 lost weekly x 11 weeks = $11,731.50 lost

---

[1] Calculations have been made up to the date of the filing of this document.

    c. <u>Nature of wages</u>

    This amount represents lost wages

**C. <u>Attorney's Fees and Costs</u>: To be determined.**

4. Plaintiff is owed the amount of Nineteen Thousand Four Hundred Eighty Dollars and 50/100 ($19,480.50) in unpaid overtime, plus, Eleven Thousand Seven Hundred Thirty-One Dollars and 50 cents ($11,731.50) in lost wages and a reasonable amount in Attorney's Fees and Costs. Therefore, Plaintiff is owed a total amount of $62,424.00 ($31,212.00 unliquidated + $31,212.00 liquidated); plus a reasonable amount in Attorney's Fees and Costs.

<u>**Response to Order to Show Cause**</u>

5. Due to a clerical error or calendaring mistake, the statement of claim deadline was not calendared properly by the undersigned's office.

6. The undersigned became aware of this calendaring mistake for the first time upon being electronically notified by the CM/ECF system of the Court's *Order* [D.E. #6] for the undersigned's failure to file Plaintiff's Statement of Claim in timely fashion.

7. Undersigned counsel now respectfully submits this memorandum demonstrating good cause for not filing Plaintiff's Statement of Claim in timely fashion.

<u>**MEMORANDUM**</u>

8. Pursuant to Rule 6(b), Federal Rules of Civil Procedure, a party "may convince a federal district court to overlook [an] untimely act by demonstrating 'excusable neglect.'" In re Gen. Am. Life Ins. Co. Sales, 268 F.3d 627, 633 (8th Cir. 2001). In determining whether a party's neglect is excusable under Federal Rule 6(b), courts consider the following factors: "(1) the danger of prejudice to the opposing party,

(2) the length of delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the movant acted in good faith." Glover v. City of Pensacola, 372 Fed. Appx. 952, 955 n.6 (11th Cir. 2010) (citing Pioneer Inv. Servs. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 395 (1993)). This determination is primarily "an equitable one, taking account of all relevant circumstances surrounding the party's omission." Pioneer, 507 U.S. at 395 (according primary importance to the absence of prejudice to the nonmoving party and to the interest of efficient judicial administration).

9. Excusable neglect is a flexible and somewhat forgiving notion. See, e.g., Walter v. Blue Cross & Blue Shield United of Wis., 181 F.3d 1198, 1201-02 (11th Cir. 1999) (finding excusable neglect for a one-month delay in responding to a motion to dismiss resulting from a clerical error and in absence of bad faith); Cheney v. Anchor Glass Container Corp., 71 F.3d 848, 850 (11th Cir. 1996) (finding excusable neglect for a six-day delay in filing a notice for trial de novo following a court-ordered arbitration resulting from attorney miscommunication and in absence of bad faith or dilatory intent.

10. Due to a clerical mistake, Plaintiff's Statement of Claim was not properly calendared by the undersigned's office. There is no inherent prejudice to Defendants and there is no negative impact on the judicial proceedings. The fact that Plaintiff promptly corrected the situation without delay, demonstrates Plaintiff's intentions to faithfully comply with the Court's orders and not conduct itself in bad faith.

11. In this case, "excusable neglect" exists because the reason for Plaintiff's counsel's failure to file the Statement of Claim was the failure of counsel's assistant to properly calendar the document's filing due date — the type of "innocent oversight" that courts in this Circuit have deemed excusable. See Walter v. Blue Cross & Blue Shield United of Wis., 181 F.3d 1198 (11th Cir. 1999) (finding excusable neglect where "the reason for the delay was the failure of a former secretary of [plaintiff's] attorney to record the applicable deadline"); Cheney v. Anchor Glass Container Corp., 71 F.3d 848, 850 (11th Cir. 1996) (finding that the late filing was due to excusable neglect, as it "was simply an innocent oversight by counsel" that resulted from a breakdown in communication between attorneys). Finally, there is no evidence that counsel for Plaintiff acted in bad faith. Carter v. Butts Cnty., 2015 U.S. Dist. LEXIS 70843, *2-5 (M.D. Ga. June 1, 2015) (finding excusable neglect where the "delay in filing was due to a simple calendaring error").

12. The undersigned counsel offers his most sincere apologies to this Honorable Court and respectfully prays that this Court deem the calendaring mistake at issue as constituting "good cause" for the undersigned not filing Plaintiff's Statement of Claim timely.

WHEREFORE, based on the foregoing, the Plaintiff files his Statement of Claim and Response to this Court's Order to Show Cause.

Dated: January 26, 2022

                    Respectfully submitted,

                    **ZANDRO E. PALMA, P.A.**
                    **Attorney for Plaintiff**
                    9100 S. Dadeland Blvd, Suite 1500,
                    Miami, Florida, 33156

        Telephone:  (305) 446-1500
        Facsimile:   (305) 446-1502
        zep@thepalmalawgroup.com
        BY: __s/Zandro E. Palma____
        Zandro E. Palma Esq.
        Florida Bar No.: 0024031

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 26, 2022, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

        BY: __s/Zandro E. Palma____
        Zandro E. Palma Esq.
        Florida Bar No.: 0024031
        **ZANDRO E. PALMA, P.A.**
        9100 S. Dadeland Blvd, Suite 1500,
        Miami, Florida, 33156
        Telephone:  (305) 446-1500
        Facsimile:   (305) 446-1502
        zep@thepalmalawgroup.com
        *Attorney for Plaintiff*